This matter is before the court on an order to show cause why an election of trustees in liquidation of defendant Building and Loan Association should not be set aside and a new election conducted under the direction of the court. It is charged that the meeting was improperly held and conducted by the officers of the association. The most serious of these charges are that proper notices of the meeting were not given to all the shareholders and that improper proxies were voted. In addition, complaint is made that the meeting was conducted in a rather disorderly manner and that the shareholders were not furnished with the information as to the condition of the company demanded by some of them. The proof submitted on the application justifies the conclusion that the meeting was not held with due regard to the rights of all the shareholders. In particular, it appears that numerous proxies were voted which had not been properly witnessed as required by the by-laws of the association.
It is contended on behalf of the defendant that this court has no jurisdiction to pass on the validity of the election and *Page 37 
that the sole remedy of dissenting shareholders to question it is by writ of quo warranto. This contention is based upon the provisions of the Corporation Act giving that remedy for the testing of the election of directors and officers. However, trustees in liquidation are neither directors nor officers but are functionaries chosen for a particular purpose. They are almost identical in their functions with receivers who are, of course, always subject to this court. The special nature of trustees in liquidation and their subordination to this court is expressly recognized by R.S. 17:12-88 which provides:
"The court shall have full and complete jurisdiction over the trustees and of all matters and questions arising or growing out of the winding up and liquidation of the association, and may make such orders and decrees in connection with any of such matters as justice and equity shall require."
While the statute does not expressly place the election of trustees in liquidation under the control of this court the powers granted are so broad as to necessarily cover it by proper construction. The power to set aside the election of trustees in liquidation has been recently exercised in Lerner v. StarBuilding and Loan Association, 127 N.J. Eq. 355, later affirmed in the Court of Errors and Appeals.
A decree will be advised directing that a new meeting of shareholders be held for the election of trustees in liquidation to be conducted by a special master to be appointed by the court. *Page 38